# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DIANA FRENCH,

      Plaintiff,                              Hon.
                                                           Case No.

v.

WESTERN MICHIGAN UNIVERSITY
HOMER STRYKER M.D. SCHOOL OF
MEDICINE,

      Defendant.
_____

Noah S. Hurwitz (P74063)
NACHT, ROUMEL & HURWITZ, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com
_____

## COMPLAINT AND JURY DEMAND

      NOW COMES Plaintiff Diana French, by and through her attorneys, NACHT, ROUMEL & HURWITZ, P.C., and brings this action against Defendant Western Michigan University Homer Stryker M.D. School of Medicine, and hereby alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1

1. This is an action alleging sex discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) seeking equitable, declaratory, and injunctive relief and money damages against Defendant, as set forth herein.

2. Plaintiff Diana French ("Plaintiff") is a resident of Pinckney, Livingston County, Michigan within the Eastern District of Michigan.

3. Defendant Western Michigan University Homer Stryker M.D. School of Medicine ("Defendant") is a domestic nonprofit corporation with its resident agent located in Kalamazoo, Kalamazoo County, Michigan, and doing business within this judicial district.

4. Defendant is an employer and Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

5. This Court has jurisdiction pursuant to 29 U.S.C. §206(d) (Equal Pay Act) and 28 U.S.C. §1331 (federal question jurisdiction).

6. Venue in this Court is proper pursuant to 28 U.S.C. §1391, as a substantial part of the events and omissions giving rise to this Complaint occurred in Livingston County, Michigan, located within this judicial district. Plaintiff resides in Livingston County, which is within this judicial district. Plaintiff communicated with Defendant regarding her wage concerns from her home in Livingston County. Defendant conducts business and has facilities within this judicial district.

## STATEMENT OF FACTS

7. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

8. Plaintiff is female.

9. On September 17, 2018, Plaintiff began her employment with Defendant in 2018 as a Pathology Department Team Leader.

10. Plaintiff was Defendant's only female Pathology Department Team Leader.

11. As Pathology Department Team Leader, Plaintiff's job was to prepare bodies for postmortem examinations, assist pathologists during examinations, participate in diagnostic and forensic dissection, provide medical photography services, and prepare bodies for release to a funeral home.

12. Plaintiff always performed her duties and responsibilities as Pathology Department Team Leader diligently and to a high degree of satisfaction.

13. Plaintiff's performance review for the dates of July 1, 2018 through June 30, 2019 show that she received a final rating of "Exceptional."

14. Her reviewer, Dr. Theodore T. Brown, awarded Plaintiff perfect scores in problem solving and judgement, job mastery and continuous learning, and leadership.

15. Mr. Brown stated that Plaintiff exceeds expectations in collaboration, inclusion and diversity, and communication.

16. As Pathology Department Team Leader, Plaintiff was compensated at the hourly rate of $25.00 per hour, less applicable taxes and deductions.

17. On or about October 5, 2019, Plaintiff's compensation was then increased by 44 cents, and she received $25.44 per hour, less applicable taxes and deductions.

18. On May 19, 2020, Plaintiff was promoted to the position of Pathology Manager, North Operations and Autopsy Assistants.

19. As Pathology Manager, Plaintiff's job was to prepare bodies for postmortem examinations, assist pathologists during the examination, participate in diagnostic and forensic dissection, provide medical photography service, and prepare bodies for release to a funeral home. She also reviewed and authorized cremation permit requests.

20. As Pathology Manager, North Operations and Autopsy Assistants, Plaintiff was compensated at the hourly rate of approximately $33.07 per hour, less applicable taxes and deductions. Her annual salary was $68,789.

21. Upon information and belief, Plaintiff's male counterpart, Mr. Lee Morgan ("Mr. Morgan"), is performing similar work and generating similar value for the school, and he is compensated at a significantly higher rate.

22. In a letter to undersigned counsel on July 8, 2021, Defendant revealed that since September 24, 2016, Defendant has compensated Mr. Morgan at a higher annual rate than Plaintiff for the position of Pathology Manager, Operations and In-House investigators, and this validates Plaintiff's information and belief.

23. Beginning September 24, 2016, Defendant increased Mr. Morgan's annual salary to $69,697.

24. Beginning October 1, 2017, Defendant increased Mr. Morgan's annual salary to $71,091.

25. Beginning October 6, 2018, Defendant increased Mr. Morgan's annual salary to $72,442.

26. It is Plaintiff's understanding that Mr. Morgan wanted to be paid more than Plaintiff upon her promotion.

27. Beginning on October 5, 2019, Defendant increased Mr. Morgan's annual salary to $73,891.

28. Plaintiff conveyed to Dr. deJong and Dr. Brown that she should be paid at an equal rate to her male counterpart. Instead, she was told that she would be paid more if the Department "improved financially."

29. Mr. Morgan earns significantly more than Plaintiff despite not having comparable qualifications for the position.

30. Mr. Morgan did not have a degree at the time of his hire, but Plaintiff did.

31. Plaintiff earned her Associates in General Studies from Washtenaw Community College and a Certificate in Death Investigations in 1997.

32. Plaintiff earned her Bachelor of Arts from Concordia University in 1999.

33. Mr. Morgan is not a registered American board Medicolegal Investigator, while Plaintiff is.

34. Plaintiff became a registered Medico-Legal Death Investigator AMBDI in 2004.

35. When Plaintiff was promoted to Pathology Manager, Operations and In-House investigators, she was substantially more qualified than Mr. Morgan and sought a salary equal to him.

36. In March 2021, after vocalizing her request of equal treatment and being denied, Plaintiff resigned due to a pay shortage fueled by gender discrimination.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT OF 1963

37. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

38. At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

39. Defendant owed plaintiff a duty not to discriminate against her with respect to her compensation on the basis of her sex.

40. Plaintiff is a woman and otherwise a member of a protected class entitled to the protections afforded by the Equal Pay Act due to her sex (female).

41. Defendant and their agents, servants, and/or employees failed to pay Plaintiff equal wages as compared to comparable male employees for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

42. Such payments were not made pursuant to a seniority system, a merit system, a system which measures earnings by quantity of quality of production, or a differential based on any factor other than sex.

43. Defendant's violation of the Equal Pay Act was willful.

44. But for Plaintiff's sex, Defendant would not have subjected her to unequal conditions of employment.

45. As a direct and proximate result of Defendants' actions, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and impairment of her earning capacity and ability to work, and will so suffer in the

future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff Diana French prays that this Honorable Court grant the following relief:

A. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation the Equal Pay Act.

B. Award Plaintiff all lost wages, past and future, to which she is entitled;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff punitive and exemplary damages;

E. Award Plaintiff reasonable attorney's fees, costs, and interest; and

F. Award such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants and all relief requested in this Complaint.

Respectfully submitted,

/s/  *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
NACHT, ROUMEL & HURWITZ, P.C.
Attorneys for Plaintiff
101 N. Main St., Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

Dated: October 1, 2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DIANA FRENCH,

    Plaintiff,                                 Hon.
                                                Case No.

v.

WESTERN MICHIGAN UNIVERSITY
HOMER STRYKER M.D. SCHOOL OF
MEDICINE,

    Defendant.

_____

Noah S. Hurwitz (P74063)
NACHT, ROUMEL & HURWITZ, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

_____

## **DEMAND FOR TRIAL BY JURY**

      NOW COMES Plaintiff Diana French, by and through her attorneys, NACHT, ROUMEL & HURWITZ, P.C., and demands a jury trial for all issues so triable.

                                    Respectfully Submitted,

                                    NACHT, ROUMEL & HURWITZ, P.C.

                                    */s/ Noah S. Hurwitz*
                                    Noah S. Hurwitz (P74063)
                                    Attorneys for Plaintiff
                                    101 N. Main Street, Suite 555
                                    Ann Arbor, MI 48104

Dated: October 1, 2021				(734) 663-7550

10